IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,947-02






EX PARTE DERRICK LAMONE JOHNSON









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION FOR STAY OF EXECUTION FROM CAUSE 

NO. W99-01708-S IN THE 282ND JUDICIAL DISTRICT COURT

DALLAS COUNTY




 Per Curiam. Price, J., filed a statement dissenting to the dismissal of the
application in which Womack and Holcomb, joined.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In November 1999, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Johnson v. State, 68
S.W.3d 644 (Tex. Crim. App. 2002). Applicant filed his initial post-conviction application
for writ of habeas corpus in the convicting court on October 22, 2001. This Court denied
applicant relief. Ex parte Johnson, No. WR-56,947-01 (Tex Crim. App. Oct. 8, 2003)(not
designated for publication). Applicant's subsequent application was received in this Court
on April 28, 2009.

 Applicant presents two allegations in his application. In his first claim, applicant
asserts that his execution would violate the United States Supreme Court's opinion in Atkins
v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the execution
of the mentally retarded. In his second claim, applicant asserts that his execution would
violate due process unless he is given a full and fair hearing on his mental retardation claim.

 We have reviewed the application and find that applicant has failed to make a prima
facie case of mental retardation. Otherwise, applicant's claims fail to meet the dictates of
Article 11.071, § 5. Accordingly, we dismiss his application and deny his motion to stay his
execution. 

 IT IS SO ORDERED THIS THE 29th DAY OF APRIL, 2009.


Do Not Publish